**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:    Kevin Dewayne Ward v. The State of Texas

Appellate case number:  01-11-01015-CR

Trial court case number: 1778267

Trial court:            County Criminal Court at Law No. 8, Harris County, Texas

The record in this appeal was originally due on March 1, 2012. On August 10, 2012, the trial court ordered the court reporter, Angelia Singleton, to file the record by August 25, 2012. Singleton filed the record on August 17, 2012. The appellant has now filed a motion to abate the appeal on the grounds that the punishment phase of the trial does not appear in the reporter's record, and that Singleton has not responded to repeated attempts to contact her. The appellant requests that we direct the trial court to hold a hearing to determine whether the reporter's record of the punishment phase of the trial has been lost or destroyed. However, appellant's counsel failed to inform the Court of this omission until December 28, 2012, nearly four months after the appeal had been reinstated following the filing of the reporter's record, and eleven days after appellant's final deadline to file a brief. On December 20, 2012, the Clerk of this Court provided the notice required by Texas Rule of Appellate Procedure 38.8(b)(2).

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which appellant's counsel, a representative of the State, and Angelia Singleton shall be present. Appellant shall also be present; if appellant is incarcerated, he may appear by closed video teleconference.[1] We direct the trial court to:

1) Make a finding regarding whether the reporter's record of the punishment phase of the trial has been lost or destroyed without appellant's fault, and if so, whether this portion of the reporter's record is necessary to the resolution of appellant's appeal; and if so,

---

[1]   Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

a. Whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties, or, in the case of exhibits, if the exhibit(s) cannot be replaced by agreement of the parties, the exhibit shall be replaced with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit;

b. If the record can be replaced by agreement and/or with duplicates as determined by the trial court, order that a supplemental record containing the replacement record be filed with this Court no later than 10 days from the date of the hearing;

c. If the reporter's record of the punishment phase of the trial exists, determine whether the court reporter, Angelia Singleton, should be held in contempt for failing to comply with the trial court's August 10, 2012 order, and order Singleton to file the record no later than 10 days from the date of the hearing.

2) In addition, the trial court shall make findings regarding the reasons that counsel failed to inform this Court of the deficiency in the record until after the final deadline to file a brief, and determine whether good cause exists to remove Frances Bourliot as counsel for appellant; and

a. If good cause does exist, enter an order removing Frances Bourliot and appointing substitute counsel for appellant; or

b. If good cause does not exist, order Frances Bourliot to file a brief on behalf of appellant in this Court no later than 30 days from the date the reporter's record is filed in this Court.

*See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(a), (b), (c); TEX. R. APP. P. 34.6(f); 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record of the hearing with the Court **no later than 20 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court **no later than 20 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/<u>Justice Michael Massengale</u>
     ☑ Acting individually   ☐ Acting for the Court

Date: January 8, 2013